This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39334**

**CURT FLORA and SUZANNE HUFF-FLORA,**

Appellants-Petitioners,

v.

**THE VILLAGE OF CORRALES, a New Mexico municipal corporation, and the VILLAGE OF CORRALES COUNCIL, its Governing Body,**

Appellees-Respondents.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**James A. Noel, District Court Judge**

Spangler Pacheco & Werbelow PA
Matthew M. Spangler
Alexandra Noel Lopez
Rio Rancho, NM

for Petitioners

NM Local Government Law, LLC
Michael I. Garcia
Randy M. Autio
Albuquerque, NM

for Respondents

**MEMORANDUM OPINION**

**ATTREP, Chief Judge.**

**{1}**     Curt Flora and Suzanne Huff-Flora (Applicants) appeal the district court's affirmance of the decision of the Village of Corrales (the Village) governing body to impose certain conditions on Applicants' proposed plat application. Applicants argue that the Village governing body violated their procedural due process rights. We affirm.

## BACKGROUND

**{2}**     Applicants submitted a preliminary plat application to the Village planning and zoning commission to subdivide an existing parcel into three lots. After several hearings (Planning Hearings), the planning and zoning commission approved, first, a preliminary plat and, then, a final plat that included two conditions. Unhappy with the two conditions imposed by the planning and zoning commission, Applicants appealed the approval to the Village governing body. After a hearing (Appeal Hearing), the Village governing body adopted the two conditions, as well as a third condition. Applicants appealed to the district court from the Village governing body's decision pursuant to Rule 1-074(A) NMRA, contending the governing board violated the Open Meetings Act and due process. The district court affirmed.

**{3}**     After the district court's decision, Applicants filed a petition for writ of certiorari in this Court pursuant to Rule 1-074(V) and Rule 12-505 NMRA and also filed a notice of direct appeal. This Court denied the petition and declined to review the district court's affirmance of the Village governing body's decision. This Court, however, concluded that Applicants' due process claims raised constitutional questions arising from the district court's exercise of its original, rather than its appellate, jurisdiction, and, as a result, such questions were subject to direct appeal and not discretionary review. We thus proceed with our review of Applicants' due process claims.

## DISCUSSION

**{4}**     Applicants contend that they were denied due process at the Appeal Hearing in three ways: (1) Village planning and zoning staff provided a binder of exhibits to the Village governing body before the Appeal Hearing but did not provide those exhibits to Applicants until after the Appeal Hearing began; (2) the Village governing body did not permit two witnesses to testify on Applicants' behalf; and (3) the Village governing body imposed a third condition during the closed session about which Applicants had no prior notice.

**{5}**     We review the constitutionality of an administrative body's rulings de novo. *See Albuquerque Bernalillo Cnty. Water Util. Auth. v. N.M. Pub. Regul. Comm'n*, 2010-NMSC-013, ¶ 19, 148 N.M. 21, 229 P.3d 494. "Before a procedural due process claim may be asserted, the [claimant] must establish that [they were] deprived of a legitimate liberty or property interest and that [they were] not afforded adequate procedural protections in connection with the deprivation." *Bd. of Educ. of Carlsbad Mun. Schs. v. Harrell*, 1994-NMSC-096, ¶ 21, 118 N.M. 470, 882 P.2d 511. Our Supreme Court, relying on *Mathews v. Eldridge*, 424 U.S. 319 (1976), has explained that

[a reviewing court's] determination of what process is due in an administrative proceeding results from a balancing of (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."

*In re Comm'n Investigation Into 1997 Earnings of U.S. West Commc'ns, Inc.*, 1999-NMSC-016, ¶ 26, 127 N.M. 254, 980 P.2d 37 (alteration omitted) (quoting *Mathews*, 424 U.S. at 335). "In balancing these factors, we consider the proceedings as a whole." *Id.* (internal quotation marks and citation omitted).

**{6}** We initially observe that Applicants, in their briefing on appeal, have identified no protected interest that was deprived by the purportedly inadequate procedures and have engaged in no balancing of interests. *See id.*; *Harrell*, 1994-NMSC-096, ¶ 21. These briefing deficiencies alone are grounds for affirmance. *See, e.g.*, *State v. Candelaria*, 2019-NMCA-032, ¶ 48, 446 P.3d 1205 (declining to address an undeveloped claim). We, nevertheless, proceed with our analysis of Applicants' due process claims. Focusing on the second *Mathews* factor and considering the proceedings as a whole, Applicants fail to demonstrate that the purported procedural inadequacies—i.e., (1) the late-disclosed exhibit binder, (2) the excluded witnesses, and (3) the inclusion of the third condition on the plat—sufficiently increased the risk of the erroneous deprivation of their rights to due process. *See City of Albuquerque v. Chavez*, 1998-NMSC-033, ¶ 14, 125 N.M. 809, 965 P.2d 928 (focusing on the second *Mathews* factor and viewing the proceedings as a whole). We explain.

## I.    The Late-Disclosed Exhibit Binder

**{7}** Applicants identify no increased risk of erroneous deprivation from the late disclosure of the exhibit binder. Applicants contend that they had no time to respond to the exhibits, the exhibits were different from evidence previously provided, and the exhibits predisposed the Village governing body to rule against them. Applicants, however, have never argued—to the Village governing body, to the district court, or to this Court—how they would have responded more fully or differently had the binder been made available earlier or in what way the early receipt of the binder by the Village governing body resulted in prejudgment of Applicants' appeal. *See ERICA, Inc. v. N.M. Regul. & Licensing Dep't*, 2008-NMCA-065, ¶¶ 38, 41, 144 N.M. 132, 184 P.3 444 (requiring a party claiming a due process violation to demonstrate prejudice that resulted from evidentiary errors during an administrative hearing or that additional time to counter arguments would have resulted in a different decision). This is fatal to Applicants' due process claim pertaining to the exhibit binder.

## II.    Excluded Witnesses

**{8}** Similarly, Applicants do not demonstrate, nor does the record reflect, that the witness testimony they argue was excluded would have decreased the risk of any erroneous deprivation of their rights. The two excluded witnesses were a Village planning and zoning commissioner who moved to adopt the preliminary plat at one of the Planning Hearings and Applicant Curt Flora.

**{9}** Regarding the first witness, Applicants sought the commissioner's testimony to explain his statements at the Planning Hearings and, with that testimony, to impeach a witness for the Village. The substance of this testimony, however, was already before the Village governing body. The transcripts from the Planning Hearings—both in the form of the approved minutes and Applicants' transcript—were in the appeal record for the Village governing body's consideration. The Village governing body referenced having reviewed those transcripts. Applicants had the opportunity to cross-examine the Village witness at the Appeal Hearing. Applicants argued extensively about why the statements made at the Planning Hearings were important, and the Village governing body extensively addressed the statements and Applicants' arguments in its decision.

**{10}** Regarding the second witness, Applicants maintain that Mr. Flora would have provided "context" and "factual information regarding the evidence presented by the Village witness" and that the Village governing body "discouraged" him from testifying. The record does not support Applicants' contention. During Applicants' rebuttal closing argument at the Appeal Hearing, Applicants indicated for the first time that Mr. Flora would like to "just have the last word," apparently indicating that Mr. Flora wanted to present argument. After the Village governing body pointed out that Mr. Flora could take the stand, Applicants' counsel asked to speak with Mr. Flora and did not raise the matter again.

**{11}** In short, we see little risk that the exclusion of the commissioner's or Mr. Flora's testimony erroneously deprived Applicants of their rights.

### III.    Inclusion of the Third Condition

**{12}** Finally, Applicants do not explain how the inclusion of the third condition at the Appeal Hearing increased the risk of erroneous deprivation. The "third condition" was the addition of utility easement purpose language to the final plat—language the Village governing body concluded was needed to establish utility easements on the subdivided lots. Applicants suggest that the Village governing body inserted the language on its own, in closed session, and thereby prevented them from presenting their arguments about "why that condition was unnecessary." The Village, however, raised the issue at the Appeal Hearing in its opening and again in its closing remarks, stating the final plat needed to include utility easement purpose language. We therefore reject Applicants' arguments that the Village governing body added the utility easement requirement on its own in closed session and that Applicants had no opportunity to contest the requirement.

**{13}** We further reject Applicants' position that the utility easement purpose language constituted a "new condition." The parties do not dispute that this language was included in the preliminary plat but was removed at some point before approval of the final plat. In light of this, it cannot be said that the Village governing body imposed an entirely new condition on appeal—the governing body, instead, required the final plat to include a provision adopted in the preliminary plat.

**{14}** In short, we discern little risk of erroneous deprivation of rights based on reinstating the previously included utility easement purpose language.

**CONCLUSION**

**{15}** Considering the proceedings as a whole, we conclude that the procedural inadequacies identified by Applicants did not amount to due process violations. We accordingly affirm.

**{16} IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**KATHERINE A. WRAY, Judge**